UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEXY A. LAREZ,**

    **Plaintiff,**

v.                                            Case No. 8:09-CV-1010-T-30EAJ

**DEPARTMENT OF HOMELAND SECURITY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion to the Courts to Appoint an Attorney** (Dkt. 7). On June 1, 2009, Plaintiff filed a complaint that lacks any specific claims and instead simply states that he was employed from August 2002 to December 2005 by Defendants as a Transportation Security Screening Officer and that the Equal Employment Opportunity Commission ("EEOC") declined to fully pursue a claim related to Defendant's removal from employment (Dkt. 1). Plaintiff asks that the court appoint counsel to represent him in his claim.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The court has the discretion, however, to appoint counsel for an indigent plaintiff in a civil case where "exceptional circumstances" require such appointment. Id. (citations omitted); see 28 U.S.C. § 1915(e)(1).

On July 1, 2009, Plaintiff filed his first motion for the court to appoint counsel to represent him in this matter (Dkt. 3). On July 20, 2009, the undersigned denied Plaintiff's motion without prejudice, explaining that Plaintiff had failed to assert any exceptional circumstances justifying such appointment (Dkt. 5).

In his renewed motion, Plaintiff "assures [the court] that this case carries all the right elements for civil actions" (Dkt. 7 at 3). Addressing the issue of exceptional circumstances, Plaintiff

maintains they are reflected in his affidavit of indigency and that he will place a second mortgage on his home if necessary to secure an attorney (Id. at 5). Plaintiff further asserts that exceptional circumstances are reflected by Defendants' attrition rate and "the [reign] on the part of management and their means to create unsubstantiated charges, instill fear to the masses, and allow a hostile environment to exist solely for the purposes that will come to light in a courtroom" (Id. at 6).

Whether or not Plaintiff is able to afford counsel, Plaintiff has not demonstrated the presence of exceptional circumstances justifying the appointment of counsel. See e.g. Reeves v. DSI Sec. Servs., No. 08-13777, 2009 WL 1532699, at *1 n.1 (11th Cir. June 3, 2009) (per curiam) (unpublished) (finding EEOC case alleging racial/religious discrimination and hostile work environment did not have exceptional circumstances). Indeed, Plaintiff argues that it was exceptional that he was "wrongfully terminated on charges that are both incorrect in nature" but concedes that "this case is not exceptional" (Dkt. 7 at 6). Plaintiff is correct that his wrongful termination claim is not exceptional for purposes of the appointment of counsel; his claim does not present "facts and legal issues ... so novel or complex as to require the assistance of a trained practitioner." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (citation and internal quotation marks omitted).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion to the Courts to Appoint an Attorney (Dkt. 7) be **DENIED**.

**Date: August 20, 2009**

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge