UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEXY A. LAREZ,**

    **Plaintiff,**

v.                                                   **Case No.  8:09-cv-1010-T-30EAJ**

**DEPARTMENT OF HOMELAND
SECURITY and TRANSPORTATION
SECURITY ADMINISTRATION,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and Memorandum of Law (Dkt. 32) and Plaintiff's Response in Opposition (Dkt. 36). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

**BACKGROUND**

Plaintiff brought this action against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983, and the 4th, 5th, and 14th Amendments of the United States Constitution. According to Plaintiff's amended complaint, Plaintiff was employed by the Transportation Security Administration ("TSA") at the St. Petersburg/Clearwater International Airport as a security screener from September 2002 until approximately December 20, 2005. Plaintiff alleges that he was subjected to a hostile work environment

and retaliation due to his being a whistle-blower related to OSHA violations and workplace injuries. Plaintiff alleges that he was suspended on July 13, 2005, and terminated on or about December 20, 2005. Plaintiff alleges that his termination was without an independent investigation and based on hearsay. Plaintiff's amended complaint also includes a claim for violation of the liberty interest in his reputation and property interest in his employment based on false statements in his personnel file. Finally, Plaintiff alleges a claim for breach of contract based on Defendants' Personnel Policy and Procedures Manual. Plaintiff's original complaint in this action was filed on June 1, 2009.

## DISCUSSION

### I.      Standard of Review on a Motion to Dismiss

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.     Plaintiff's Section 1983 Claims

Defendants argue that Plaintiff's Section 1983 claims must be dismissed for lack of subject matter jurisdiction. The Court agrees. Federal law is clear that Section 1983 claims pertain only to constitutional violations performed under the color of state law. *See Carman v. Parsons*, 789 F.2d 1532, 1534 (11th Cir. 1986). This is because the United States has not waived sovereign immunity for such claims. *See Osahar v. Postmaster General of United States Postal Service*, 263 Fed. Appx. 753, 763-64 (11th Cir. 2008).

Here, Plaintiff's Section 1983 claims are against federal agencies acting under color of federal law. Accordingly, they must be dismissed with prejudice. *See Allen v. United States EEOC Office*, 336 Fed. Appx. 972, 974 (11th Cir. 2010) (noting that Section 1983 claims do not apply to "federal actors acting under color of federal law.").

## III.    Plaintiff's Title VII Claims

Defendants argue that Plaintiff's Title VII claims are insufficient to state a claim upon which relief may be granted because Plaintiff does not allege that he belonged to a protected

class and fails to allege that he engaged in protected activity. The Court agrees.

It is bedrock law that to allege a claim under Title VII, a plaintiff must allege that he belongs to a protected class. Plaintiff's amended complaint is silent as to Plaintiff's race, color, national origin, religion, or sex. Plaintiff's amended complaint largely focuses on allegations related to Plaintiff's actions as a whistle-blower and goes into great detail about Defendants' policy and/or custom of violating OSHA and retaliating against employees who complained of workplace violations. Whistle-blowing, however, is not a cognizable "protected activity" under Title VII. *See Santucci v. Veneman*, 2002 WL 31255115, at *3 (S.D.N.Y. Oct. 8, 2002). And, other than engaging in whistle-blowing, Plaintiff does not point to a protective activity that was the basis for any retaliation on the part of Defendants.

Accordingly, Plaintiff's Title VII claims must be dismissed without prejudice to Plaintiff to amend these allegations, if he can, to allege a protected class and/or protected activity, that is cognizable under Title VII.[1]

## IV.   Plaintiff's Constitutional Claims

Defendants argue that Plaintiff's constitutional claims should be dismissed because they fail to state a claim. The Court agrees, in part. Plaintiff's first claim is that his termination violated his due process rights because he was entitled to an unbiased hearing.

---

[1] Although not argued by Defendants, the Court also notes that it is unclear whether Plaintiff's Title VII claims are within the statute of limitations. Plaintiff's termination occurred approximately four years before the filing of the complaint. *See NAACP v. Florida Dept. of Corrections*, 2002 WL 34420335, at *8 (M.D. Fla. Aug. 23, 2002) (noting that the applicable statute of limitations for Title VII claims filed in Florida is 300 days due to Florida's status as a "deferral state" and the ability for a plaintiff to file a charge of discrimination with the state agency, Florida Commission on Human Relations).

As a matter of procedural due process, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (citations omitted). Here, it is entirely unclear whether Plaintiff was a tenured, appointed, or an at-will employee. *See Abramson v. Pataki*, 278 F.3d 93 (2d Cir. 2002). It is also unclear what specific administrative procedures were taken related to Plaintiff's suspension and termination and whether Plaintiff appealed to the TSA Disciplinary Review Board ("DRB"). Simply put, the allegations are insufficient to state a claim.

The case of *Albani v. U.S.*, 2010 WL 2364426, at *10 (E.D. Pa. June 9, 2010), is instructive on this point. In *Albani*, the plaintiff, a terminated security screener, received written notice of the charges against him, was provided with an explanation of the TSA's evidence, and was given an opportunity to present his side of the story. Further, the plaintiff did in fact present his side of the story in his appeal to the DRB. The court dismissed the plaintiff's constitutional claim at the motion to dismiss stage because these procedures were sufficient as a matter of law. The court also noted that the hearing procedures of the DRB have been found to satisfy the Fifth Amendment. *Id.* at *10; *see also Zynger v. DHS,* 370 Fed. Appx. 253, 255 (2d Cir. 2010) ("Zynger was afforded and pursued a full, post-termination adversarial hearing in which she presented-and the TSA Disciplinary Review Board considered and rejected-her arguments ...."); *Sutera v. TSA,* 708 F. Supp. 2d 304 (E.D.N.Y. 2010).

Without additional allegations, the Court cannot determine whether Plaintiff has adequately stated a due process claim. Accordingly, this claim must be dismissed without prejudice to Plaintiff to amend.

Plaintiff also alleges a constitutional claim for violation of his liberty interest in his reputation. Plaintiff claims that, as a public employee, false and/or altered information contained in his personnel file is publicly accessible and results in deprivation of his liberty interest in his reputation. This is insufficient as a matter of law.

Defamation in this context is established by proving that the statement complained of was false, publicized, and stigmatized the complainant. *See Monserrate v. N.Y. State Senate,* 599 F.3d 148, 157-58 (2d Cir. 2010); *see also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547 n. 13, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (*citing Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)) ("[T]he failure to allege that the reasons for the dismissal were published dooms [plaintiff's liberty interest] claim.).

Here, the fact that the alleged defamatory statements are contained in Plaintiff's personnel file are insufficient to establish that they were "published." And Plaintiff alleges that he found new employment in October 2006, i.e., he was not so stigmatized as to be unable to obtain employment. Accordingly, Plaintiff's constitutional claim for violation of his liberty interest in his reputation must be dismissed with prejudice.

**V.    Plaintiff's Breach of Contract Claim**

Finally, Plaintiff alleges that Defendants' Personnel Policy and Procedures Manual regarding his salary and working conditions constituted a contract of employment. This

claim fails as a matter of law.  The law is clear that employment manuals, without something more, do not constitute contracts.  *See House v. U.S.*, 14 Counsel. Court. 32, 36-37 (1987) (holding that employee handbook and policy and procedure manual issued to employees of the service department of the United States Senate did not create express or implied contract of employment).

Accordingly, this claim must be dismissed with prejudice.

## VI.     Defendants' Motion to Substitute

Defendants state in their motion to dismiss that neither the Department of Homeland Security nor the Transportation Security Administration are proper Defendants in this suit.  They contend that the proper party Defendant is the Secretary of the Department of Homeland Security, Janet Napoletano.  The Court agrees and hereby substitutes Secretary Napoletano as party Defendant for the Department of Homeland Security and the Transportation Security Administration.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant's Motion to Dismiss and Memorandum of Law (Dkt. 32) is GRANTED as set forth herein.

2.     Plaintiff's Section 1983 claims contained in Count I are dismissed with prejudice.

3.     Plaintiff's Title VII claims contained in Count I are dismissed without prejudice to amend within fourteen (14) days from the date of this Order.

4. Plaintiff's constitutional claim for termination in violation of procedural due process (Count II) is dismissed without prejudice to amend within fourteen (14) days from the date of this Order.

5. Plaintiff's constitutional claim for violation of Plaintiff's liberty interest in his reputation (Count III) is dismissed with prejudice.

6. Plaintiff's breach of contract claim (Count IV) is dismissed with prejudice.

7. The CLERK is directed to substitute Secretary of the Department of Homeland Security, Janet Napoletano, as party Defendant for the Department of Homeland Security and the Transportation Security Administration and terminate Defendants Department of Homeland Security and Transportation Security Administration.

8. If Plaintiff fails to amend his complaint during the time set forth in this Order, this case will be dismissed without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 11, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1010.mtdismiss32.frm