UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEXY A. LAREZ,**

    **Plaintiff,**

**v.**                                                  **Case No.  8:09-cv-1010-T-30EAJ**

**JANET NAPOLETANO, Secretary of the**
**Department of Homeland Security,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss and Memorandum of Law (Dkt. 47) and Plaintiff's Response in Opposition (Dkt. 52).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted and this case dismissed with prejudice.

## DISCUSSION

The Court discussed the facts of this case in detail in its Order dated May 11, 2011 (Dkt. 42).  In that Order, the Court dismissed Plaintiff's due process claim, without prejudice to Plaintiff to amend.  The due process claim was based on Plaintiff's termination from the Transportation Security Administration ("TSA") at the St. Petersburg/Clearwater International Airport, where he was employed as a security screener from September 2002 until approximately December 20, 2005.  Plaintiff alleged that he was suspended on July 13,

2005, and terminated on or about December 20, 2005.  Plaintiff alleged that his termination was without an independent investigation and based on hearsay.

The Court noted that as a matter of procedural due process, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (citations omitted).  The Court stated that it was entirely unclear from Plaintiff's allegations whether Plaintiff was a tenured, appointed, or an at-will employee, which was relevant to the degree of process to which he was entitled.  *See Abramson v. Pataki*, 278 F.3d 93 (2d Cir. 2002). It was also unclear what specific administrative procedures were taken related to Plaintiff's suspension and termination and whether Plaintiff appealed to the TSA Disciplinary Review Board ("DRB").

This case is now at issue upon Defendant's motion to dismiss Plaintiff's second amended complaint for failure to state a claim.

Plaintiff's second amended complaint alleges that he was a tenured employee.  He also references his appeal to the DRB.  Plaintiff does not attach the DRB's decision to his second amended complaint and argues in his response that it would be inappropriate for the Court to consider the DRB's decision at this stage (which Defendant attached to its motion to dismiss).  But the Court may consider the document on Defendant's motion to dismiss, without converting it to a motion for summary judgment, because it is "referred to in the complaint" and is central to Plaintiff's claim.  *See Brooks v. Blue Cross and Blue Shield of*

*Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

A review of the attachments to Plaintiff's second amended complaint and the DRB's decision reflects that Plaintiff received due process as a matter of law. As the Court stated in its May 11, 2011 Order, the hearing procedures of the DRB have been found to satisfy the Fifth Amendment. *See Albani v. U.S.*, 2010 WL 2364426, at *10 (E.D. Pa. June 9, 2010). In *Albani*, the plaintiff, a terminated security screener, received written notice of the charges against him, was provided with an explanation of the TSA's evidence, and was given an opportunity to present his side of the story. Further, the plaintiff did in fact present his side of the story in his appeal to the DRB. The court dismissed the plaintiff's constitutional claim <u>at the motion to dismiss stage</u> because these procedures were sufficient as a matter of law. *See also Zynger v. DHS,* 370 Fed. Appx. 253, 255 (2d Cir. 2010) ("Zynger was afforded and pursued a full, post-termination adversarial hearing in which she presented-and the TSA Disciplinary Review Board considered and rejected-her arguments ...."); *Sutera v. TSA,* 708 F. Supp. 2d 304 (E.D.N.Y. 2010).

Plaintiff, similar to the plaintiff in *Albani*, received written notice of the charges against him, was provided with an explanation of the TSA's evidence, and was given an opportunity to present his side of the story. Further, Plaintiff did in fact present his side of the story in his appeal to the DRB. And the DRB concluded that the TSA's decision to remove Plaintiff was reasonable and within its discretion.

Accordingly, Plaintiff cannot state a viable due process claim as a matter of law.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss and Memorandum of Law (Dkt. 47) is GRANTED.

2. Plaintiff's Second Amended Complaint is dismissed with prejudice.

3. The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 7, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1010.mtdismiss47.wpd